FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 10, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHEYANNE J., | No. 1:20-cv-03238-SMJ |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS** |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 13, 14. Attorney D. James Tree represents Cheyanne J. (Plaintiff); Special Assistant United States Attorney Katherine Watson represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court grants in part Plaintiff's Motion for Summary Judgment, denies Defendant's Motion for Summary Judgment, and remands this

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 1

matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on October 7, 2014, alleging disability since January 1, 2013 due to bipolar disorder, manic-depressive, depression, anxiety, learning disability, and cutting. Tr. 75.[2] The application was denied initially and upon reconsideration. Tr. 122-24, 128-397-103, 107-130. An Administrative Law Judge (ALJ) held a hearing on November 1, 2016, Tr. 37-73, and issued an unfavorable decision on February 10, 2017, Tr. 16-31. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on February 27, 2018. Tr. 1-5. Plaintiff filed suit in this court and on December 4, 2018 the case was remanded on the stipulated motion of the parties. Tr. 795-96.

The ALJ held a remand hearing on May 21, 2020, Tr. 732-59, and issued an unfavorable decision on June 2, 2020. Tr. 606-35. Plaintiff requested review from the Appeals Council and the Appeals Council denied the request for review on October 17, 2020. Tr. 593-99. The ALJ's June 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §

---

[2] The application was filed by Plaintiff's father, as Plaintiff was a minor at the time. She has since turned 18.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 2

405(g). Plaintiff filed this action for judicial review on December 16, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 2001 and was 13 years old when her application was filed. Tr. 613. She turned 18 in 2019. *Id.* In 2013, she was living with her mother in California and experienced significant mental health difficulties, leading to being psychiatrically hospitalized three times for suicidal ideation. Tr. 350. In 2014, she returned to Washington to live with her father and stepmother. Tr. 349. She received mental health counseling and medication and was placed in special education for a mathematics learning disability. Tr. 361-64, 524-28. She had some difficulties in school with her grades and getting along with other students, and some problems at home interacting with her siblings and parents. Tr. 379. In 2016, she became pregnant but was able to continue in school throughout her pregnancy and returned after giving birth. Tr. 957-60. By her second hearing in 2020, she testified that she had not finished high school and had not been receiving treatment recently due to being busy with her two children. Tr. 756.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with

deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if she "has a medically determinable physical or mental

impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is engaged in substantial gainful activity; (2) if not, whether the child has a medically determinable severe impairment; (3) and, if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924.

If the Commissioner determines at step three that the claimant has an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, the analysis ends there. If not, the Commissioner decides whether the child's impairments result in limitations that functionally equal a listing. 20 C.F.R. § 416.926a(a). In determining whether an impairment or combination of impairments functionally equal a listing, the Commissioner assesses the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

The Commissioner has established a five-step sequential evaluation process for determining whether an adult claimant is disabled: (1) whether the person is engaged in substantial gainful activity; (2) whether the person has a medically determinable severe impairment; (3) whether any of the impairments meet or equal a listed impairment; (4) whether the person is capable of performing their past relevant work given their residual functional capacity; and (5) whether they are capable of performing any other work. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).

In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

//

//

## ADMINISTRATIVE FINDINGS

On June 2, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act, neither under the child nor adult standard. Tr. 606-35.

Under the child standard for the period prior to Plaintiff reaching age 18, at step one the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 613.

At step two, the ALJ determined Plaintiff had the following severe impairments: specific learning disorder (mathematics), affective disorder (bipolar disorder and major depressive disorder), anxiety disorder, eating disorder, posttraumatic stress disorder, and attention deficit hyperactivity disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 614. The ALJ additionally found that Plaintiff did not have an impairment or combination of impairments that functionally equaled the listings, finding she had no limitation in the domains of moving about and manipulating objects or health and physical well-being, and that she had a less than marked limitation in acquiring and using information, attending and completing tasks, interacting and relating with others, and in caring for herself. Tr. 631.

The ALJ thus concluded Plaintiff was not disabled prior to attaining age 18. *Id.*

Under the adult standard, the ALJ found Plaintiff had not developed any new impairments, and that her impairments continued to be severe. Tr. 631-32.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 632.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found that since attaining age 18 she had the capacity to perform a full range of work at all exertional levels with the following non-exertional limitations:

> She can follow and engage in simple, routine tasks with brief and superficial interaction with the public or coworkers.

Tr. 633.

At step four, the ALJ found Plaintiff had no past relevant work. *Id.*

At step five the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of hand packager, salvage laborer, and small products assembler. Tr. 633-34.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date she turned 18 through the date of the decision. Tr. 634.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) not fully and fairly developing the record; (2) not properly considering new and material evidence submitted to the Appeals Council; (3) not properly assessing the opinion evidence; and (4) failing to properly assess Plaintiff's testimony.

## DISCUSSION

### I.    Child Disability Claim

The Court finds the ALJ did not err in denying Plaintiff's claim for supplemental security income for the period prior to her reaching age 18.

### A.    Plaintiff's Subjective Statements

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 13 at 18-21.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 619. The ALJ found Plaintiff's complaints were not supported by the objective evidence of record, the well-considered medical opinions, or the consistency of her reported and demonstrated functional ability. Tr. 619. Specifically, the ALJ noted the largely normal finding on mental status exams, little evidence of on-going self-harm behaviors during the relevant period, some non-

compliance with medication, inconsistent reports regarding medication side effects, and school records indicating her poor grades were somewhat connected to volition and outside stressors rather than her medical conditions. Tr. 619-25.

Plaintiff argues the ALJ's analysis omits evidence that is supportive of her claim, ignoring the context of many of the stated factors. ECF No. 13 at 18-21. Defendant argues the ALJ reasonably considered the unremarkable objective evidence, Plaintiff's treatment history, improvement in some areas of academics, and the contribution of non-disability stressors. ECF No. 14 at 8-12.

The Court finds the ALJ did not err. The ALJ reasonably considered Plaintiff's treatment history and the improvement she exhibited with medication and counseling. He also reasonably considered non-disability factors that contributed to Plaintiff's poor school performance, such as not wanting to go to school because of other children bullying her and missing school when she was pregnant. These were reasonable factors for the ALJ to consider and his conclusions are supported by substantial evidence. Social Security Ruling 16-3p.

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ noted the largely normal mental status exams throughout Plaintiff's counseling records. Tr. 619-21. While Plaintiff offers an

alternative interpretation of the records, the ALJ's interpretation was reasonable, and in such circumstances the court may not substitute its judgment for that of the Commissioner. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

Plaintiff additionally argues the ALJ erred in failing to weigh the testimony and evidence supplied by Plaintiff's father. ECF No. 13 at 17-18. However, the ALJ included Mr. Jones' testimony in the summary of the subjective reports, and indicated that the reasons offered for not accepting Plaintiff's subjective reports also applied to her father's allegations. Tr. 618-19. Furthermore, "an ALJ's failure to comment upon lay witness testimony is harmless where the same evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay witness's claims." *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012). The ALJ did not err in his treatment of Mr. Jones' testimony.

### B.   Opinion Evidence

Plaintiff argues the ALJ erred in discounting the opinions from treating physician Dr. Petzinger, examining psychologist Dr. Schultz, and two of Plaintiff's teachers. ECF No. 13 at 7-18.

### 1.   Medical Opinions

When a treating or examining physician's opinion is contradicted by another physician, the ALJ may reject the opinion by offering "specific and legitimate reasons" based on substantial evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th

Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating their interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

### a.    Dr. Petzinger

Plaintiff's medication prescriber, Dr. George Petzinger, completed a medical source statement in August 2015. Tr. 403-04. He noted diagnoses of mood disorder and eating disorder, with symptoms including Plaintiff was depressed without medication, was tired much of the time, did not eat when hungry, and had poor exercise tolerance. Tr. 403. In response to a question about whether she would be likely to miss work from a full-time job, Dr. Petzinger replied she would miss multiple days per month as she was a student in high school and was planning on attending class and playing basketball. Tr. 404.

The ALJ gave this opinion little weight, noting it was unsupported by a review of the education record and was based on a brief treatment history, and was inconsistent with later treatment records with largely normal mental status exams. Tr. 629. The ALJ further reasoned that the missed days question was inconsistent with the record, which did not show problems with absenteeism and that the doctor's explanation for the missed days did not support the opinion. *Id.*

Plaintiff argues the ALJ's reasoning was not supported by the record, which indicated truancy, significant absenteeism in the updated school records, and ongoing issues of self-harm and difficulties with eating. ECF No. 13 at 15-17. Defendant argues the ALJ reasonably found the opinion to be inadequately supported and inconsistent with the doctor's own treatment notes. ECF No. 14 at 15-16.

The Court finds no error. The ALJ's consideration of Dr. Petzinger's treatment records, including the largely normal mental status exams, is substantial evidence in support of his conclusions. The Court further notes that Dr. Petzinger did not actually assess any limitations in Plaintiff's functional abilities in any of the six childhood domains, and that the opinion that she would miss work was due to her attending school and other activities. Tr. 403-04.

### b.    Dr. Schultz

Plaintiff attended a consultative psychological exam with Dr. Schultz in January 2015. Tr. 379-82. Dr. Schultz diagnosed unspecified bipolar disorder, ruled out learning disorder, and noted that Plaintiff was struggling in school with aggressive behaviors and poor grades to the point where her current level of functioning was poor. Tr. 381-82. Dr. Schultz opined Plaintiff's bipolar diagnosis would impact her functioning throughout her life, and combined with her learning

disorder, her prognosis was guarded as it was uncertain how well she would do in the future. Tr. 382.

The ALJ gave this opinion little weight, noting it contained no evaluation of any of the domains specifically and was rife with uncertain, vague, ambiguous language. Tr. 629. The ALJ further found the opinion unsupported by a review of the updated medical and education records and found it inconsistent with the records that showed improvement and a lack of serious limitations in Plaintiff's mental functioning. *Id.*

Plaintiff argues the ALJ erred, as the report indicated Plaintiff had difficulties in multiple domains, and that the rejection was otherwise conclusory and lacking in citations to any evidence to support the conclusions. ECF No. 13 at 13-14. Plaintiff further asserts that the record does not support the ALJ's conclusion that she had improved, noting evidence of ongoing difficulties in school, getting into fights, having problems with spikes of anger, and being passively suicidal. *Id.* at 14-15. Defendant argues the ALJ reasonably gave this opinion little weight due to being too vague to be useful, and reasonably found it to be unsupported and inconsistent with the longitudinal record. ECF No. 14 at 14-15.

The Court finds the ALJ did not err. The ALJ's interpretation of the report as lacking in specific limitations or comments on Plaintiff's functioning in the relevant domains is a reasonable interpretation. The ALJ also reasonably considered the

remaining records in finding Dr. Schultz's opinion unsupported by the longitudinal record.

### 2.    Teacher Opinions

An ALJ may discount the opinion of an "other source," such as a teacher, if they provide "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### a.    Rob Tyrrell

Plaintiff's case manager, Rob Tyrell, completed a statement regarding her functioning in the child domains, opining Plaintiff had marked limitations in acquiring and using information, attending and completing tasks, and in health and physical well-being, and no limitation in the other domains. Tr. 233-35. He noted her below grade level functioning in math, reading, and writing, and that she met social services criteria for math. Tr. 233. He additionally noted that her medications were working well but she was tired. Tr. 235.

The ALJ gave this opinion little weight, reasoning that Mr. Tyrrell was not an authorized medical source to provide a medical opinion, and that the records reflected some limitations, but not marked, as she remained in general classes for all subjects other than math and that there was evidence that her bad grades were related to not turning in assignments rather than her learning disorder. Tr. 630. The ALJ further reasoned that the record reflected no limits in physical health and well-being

and Plaintiff was not noted to be tired or drowsy and her medications were working to control her mental health symptoms. *Id.*

Plaintiff argues a lay witness is still a relevant source of information despite not being an acceptable medical source, Plaintiff had multiple academic issues apart from simply not turning in assignments, and that she demonstrated ongoing difficulty keeping herself safe. ECF No. 13 at 12-13. Plaintiff additionally argues that the record contains notations of medication side effects and drowsiness. *Id.* Defendant argues the ALJ's rationale is valid and supported by substantial evidence, including evidence of average to low-average abilities in all academic areas other than math and that her other social and attendance difficulties documented in the record were unrelated to her learning disability or other medical issues. ECF No. 14 at 16-17.

The Court finds the ALJ's rationale satisfies the germane standard for a non-acceptable source. The ALJ's interpretation of the record as lacking evidence of serious cognitive functional impairment is reasonable, as is the ALJ's finding that the record contains no evidence of marked limitations in health and physical well-being. While the ALJ was incorrect to disregard the opinion on the basis of Mr. Tyrrell not being a medical source, the ALJ offered other sufficient germane reasons for discounting the extent of the assessed limitations, so any such error was harmless.

### b.    Rick Clives

Plaintiff's special education resource teacher, Rick Clives, completed an opinion regarding Plaintiff's functioning in the domains in May 2015. Tr. 400-02. He noted she had a marked impairment in acquiring and using information and in attending and completing tasks with respect to her mathematics learning disorder, and that she had a marked impairment in caring for herself, based on her emotional state and history of cutting herself. 400-01. He noted she was at grade level for all subjects other than math, was not taking advantage of extra services provided to her, was cooperative as long as she agreed with requests, and had some problems with friends but nothing serious. Tr. 402.

The ALJ gave this opinion little weight, noting Mr. Clives had only known Plaintiff for nine months and did not have personal knowledge of her emotional state, and that the opinion was inconsistent with the records indicating that her cutting behaviors had not continued for the most part. Tr. 630. The ALJ further found that other than math, the record did not support that Plaintiff had significant educational limitations, and her difficulties with math alone did not warrant marked limitations overall in any domain. Tr. 631.

Plaintiff argues that Mr. Clives did have knowledge of Plaintiff's emotional state, given his knowledge of her past and present cutting behavior, and that a nine-month relationship was more extensive than some of the sources the ALJ assigned

greater weight to, who had never met or examined Plaintiff. ECF No. 13 at 8-10.

Plaintiff further argues Mr. Clives provided pertinent information regarding marked

limitations in academic functioning and the record supported greater problems in

school than just math. *Id.* at 11-12. Defendant argues the ALJ reasonably considered

the source's specialty and familiarity with the record and that the record did not

support the extent of his assessed limitations. ECF No. 14 at 17-18.

The Court finds the ALJ did not err. Support from the record and a source's

familiarity with other evidence are germane factors for the ALJ to have considered.

Plaintiff argues for an alternative interpretation of the record, but the ALJ's

interpretation is supported by substantial evidence.

### C.    Development of the Record and New Evidence

Plaintiff argues the ALJ erred in his development of the record in multiple

ways, including failing to hold the record open for the submission of updated school

records and in failing to have the medical expert review those records, thus rendering

the medical expert's testimony incomplete. ECF No. 13 at 4-5. Plaintiff further

asserts the Appeals Council erred by not properly considering the new evidence on

appeal and in failing to remand the claim to the ALJ. *Id.* at 6-7. Defendant argues

the ALJ made reasonable efforts to ensure the record was complete and that a

qualified doctor made a case evaluation, pursuant to Acquiescence Ruling 04-1(9)

and the remand order, noting Plaintiff's counsel made no requests that the hearing

be delayed or the record be left open. ECF No. 14 at 2-3. Defendant further asserts that even considering the additional evidence on the merits, Plaintiff does not establish harm as the new evidence did not provide any further insight into Plaintiff's condition. *Id.* at 5-6, 20-21.

The Court finds no error at the ALJ or Appeals Council levels, as the new evidence does not render the ALJ's decision unsupported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1163 (9th Cir. 2012). The additional school records document a few behavioral incidents, such as Plaintiff using profanity or being disruptive in class and receiving detention, and on one occasion getting into a fight with another girl. Tr. 686-87. But these records do not change the balance of evidence, as such occasional behavioral issues were already documented in the file. Tr. 266, 504, 510, 946. The new records also support the ALJ's decision in that the 2017 IEP meetings indicated Plaintiff was very conscientious and motivated, tried hard, and was participating in class, despite her troubles in math. Tr. 643, 664. No difficulties in other areas of schooling were documented, other than concerns over absenteeism. Tr. 646, 665. However, the record already indicated that Plaintiff's grades were suffering due to absenteeism related to her own and her son's needs, and not due to her mental health or her learning disability. Tr. 962. Therefore, the Court finds no harmful error in the ALJ

not obtaining this evidence or the Appeals Council failing to remand for evaluation of this evidence.

## II.    Adult Disability Claim

Plaintiff asserts the ALJ erred in failing to obtain a consultative exam to develop the record of her adult functioning. ECF No. 13 at 5-6. Defendant argues the decision to order a consultative exam is discretionary and the ALJ appropriately determined the record was sufficient for decision, by reasonably inferring that the lack of treatment or any evidence of significant deterioration in functioning allowed the ALJ to conclude Plaintiff was capable of simple routine work with limited social interaction. ECF No. 14 at 7-8.

While the claimant bears the burden of demonstrating her entitlement to disability, "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). The obligation to develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

The Court finds the ALJ failed to fulfill his duty to develop the record, as the record contains no evidence of Plaintiff's condition as an adult. Other than a single record of lab results, there are no records after the summer of 2018, which was a

year prior to Plaintiff turning 18. Tr. 967-73. The ALJ noted that there was little additional evidence for the adult stage of adjudication and cited no records in support of the RFC determination. Tr. 633. The medical expert, whose testimony the ALJ assigned significant weight to, testified that the best he could do was hypothesize as to Plaintiff's adult residual functional capacity, as the record was stale by a number of years and there simply was no data to establish anything for the adult phase. Tr. 744-45. *See Alderson v. Saul*, No. 20-35638, 2021 WL 2624128, at *1 (9th Cir. June 25, 2021) (unpublished) (ordering remand for a consultative exam when the records contained limited counseling records and the medical expert recommended obtaining an updated exam due to the most recent evidence being more than a year old).

Therefore, the adult disability findings are not supported by substantial evidence. Due to the lack of any records, the Court finds the ALJ's duty to develop the record was triggered based on the record being inadequate to allow for proper evaluation. On remand the ALJ shall order a consultative exam to assess Plaintiff's functioning as an adult.[3]

---

[3] The Court also notes Plaintiff testified at the May 2020 hearing that she had just resumed mental health treatment. Tr. 755. The ALJ should also ensure that the record is developed with any additional treatment records that may exist.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 22

## CONCLUSION

The ALJ's decision with respect to Plaintiff's eligibility for benefits as a child is free from error and supported by substantial evidence. It is therefore affirmed.

The ALJ's decision with respect to Plaintiff's eligibility for benefits as an adult is not supported by substantial evidence. On remand, the ALJ shall obtain a consultative exam, reevaluate the five-step sequential process, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2.    Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3.    The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.    An application for attorney fees may be filed by separate motion **within thirty (30) days** of this Order.

5.    The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** this file.

//

//

//

//

**IT IS SO ORDERED.** The Clerk's Office shall enter this Order and provide copies to all counsel.

**DATED** this 10th day of August 2022.

SALVADOR MENDOZA, JR.
United States District Judge